UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **TIMOTHY HATTEN**<br>DOC # 27993-004 | **CIVIL ACTION NO. 10-753** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **J.P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Timothy Hatten, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on May 4, 2010.[1] Petitioner is in the custody of the Federal Bureau of Prisons (BOP).[2] When he filed this suit, he was incarcerated at the Federal Correctional Institute, Oakdale (FCIO), Oakdale, Louisiana.[3] He was subsequently transferred to the United States Penitentiary, Lewisburg (USP-L), Lewisburg, Pennsylvania.

Petitioner names FCIO Warden J.P. Young as his respondent herein. Petitioner challenges prison disciplinary proceedings that resulted in the forfeiture of good time credits and other sanctions. Doc. 1, p. 3. More specifically, he claims that his due process rights were violated in regard to both proceedings and the sanctions imposed therein.

This matter has been referred to the undersigned for review, report, and recommendation

---

[1] Petitioner's original petition was deficient in several ways. On May 26, 2011, this court issued an amend order instructing petitioner to provide the court with the needed information and documentation. Doc. 7. Petitioner filed an amended petition on July 9, 2011, in which he provided some but not all of the requested information and documentation. Doc. 8.

[2] Petitioner is serving a 360-month sentence imposed on July 7, 1993, for offenses committed on May 4, 1990.

[3] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir.2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *id.*; 28 U.S.C. § 2241(d).

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Background*

Petitioner contends that his due process rights were violated at two disciplinary hearings where certain procedures were allegedly not followed in that the Disciplinary Hearing Officers (DHO) failed to prepare BOP form BP-448, for the respective wardens' approval. Doc. 8, p. 2. One hearing was held at USP Beaumont (USP-B), Beaumont, Texas, on September 13, 1998, and the other incident occurred at USP-L on July 12, 2000. Doc. 8, att. 1, pp. 8, 12.

In regard to the USP-B matter of September 13, 1998, the documents filed by petitioner show that he received an incident report (#618113) for a violation of Code 113 (possession of drugs). Doc. 8, att. 1, p. 18. Petitioner was given written notice of the charge on the same date and was advised of his rights before the DHO on October 13, 1998. *Id.* On November 3, 1998, the DHO found that he committed the prohibited act and sanctioned him to a disallowance of forty-one (41) days of good time credit (GTC). Doc. 8, att. 1, p. 21. In finding that petitioner was guilty as charged, the DHO relied on the incident report and investigation as well as a Polaroid picture of the drugs, a memorandum submitted by Lieutenant Gentry, and on the eyewitness account of the individual that discovered the marijuana in petitioner's locker. Doc. 8, att. 1, p. 20. The record of this disciplinary process reflects that petitioner elected to waive his opportunity for a staff representative and also waived the right to call witnesses. Doc. 8, att. 1, p. 19. It was noted that petitioner had been charged on two prior occasions of the same conduct. Doc. 8, att. 1, p. 20. The DHO found that the greater weight of the evidence supported a finding

that petitioner committed the prohibited act with which he was charged. Doc. 8, att. 1, p. 20-21.

In regard to the USP-L incident of July 12, 2000, the documents filed by petitioner shows that he received an incident report (#797173) for a violation of Code 201 (fighting). Doc. 8, att. 1, p. 15. Petitioner was given written notice of the charge and was advised of his rights before the DHO on the date of the incident. Doc. 8, att. 1, p. 17. On July 19, 2000, the DHO found that he committed the prohibited act and sanctioned him to a disallowance of twenty-seven (27) days of GTC. Doc. 8, att. 1, p. 13. In finding that petitioner was guilty as charged, the DHO relied on the incident report and investigation as well as memoranda submitted various individuals, photographs, the injury assessment forms, and petitioner's admission that he was involved in a fight. *Id*. The record of this disciplinary process reflects that petitioner elected to waive his opportunity for a staff representative and also waived the right to call witnesses. Doc. 8, att. 1, p. 12. The DHO found that the greater weight of the evidence supported a finding that petitioner committed the prohibited act with which he was charged. Doc. 8, att. 1, p. 13.

It is not clear whether or not petitioner appealed his convictions through the local, regional, and national levels immediately following the DHO hearings as petitioner did not provide documentation in that regard. The court notes petitioner's statement that he did not have access to some of the requested information. The court also notes the statements from a prison official at USP-L confirming that he was not able to provide all of the documentation requested by petitioner. Doc. 8, att. 1, p. 11. However, it is clear that over ten years after the incidents in question, petitioner did go through the BOP exhaustion procedures. Specifically, on June 1, 2010, defendant Young issued a response to an ARP received in his office on May 21, 2010. Doc. 8, att. 1, p. 3. The response stated the petitioner was requesting correction of his GTC

relative to the incident reports noted above. *Id*. Defendant Young stated that the figures were accurately reflected on petitioner's good time data sheet. *Id*. Petitioner's ARP was denied. *Id*. Thereafter, on June 14, 2010, petitioner appealed that decision to the BOP Regional Director. Doc. 8, att. 1, p. 4. A response was filed on August 25, 2010, denying the appeal. Doc. 8, att. 1, p. 5. The response noted that the time to file an administrative remedy challenging the decision of the DHO had expired. *Id*. On September 1, 2010, petition appealed the Regional Director's denial. Doc. 8, att. 1, p. 7. On February 3, 2011, that appeal was denied at the national level, wherein it was noted that petitioner failed to present evidence to substantiate his allegations that staff violated policy. Doc. 8, att. 1, p. 8. Petitioner filed this petition on May 4, 2011. Doc. 1.

### *Law and Analysis*

1. <u>Loss of Good Time Credit-Some Evidence</u>

Federal prisoners have liberty interests in their accumulated good-time credit. *See Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Therefore, since petitioner lost good time credits, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceeding.

In *Wolff*, the Court held, although the rights of a prisoner "...may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." 418 U.S. at 555-556. Nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 555-556. Accordingly, in order for a prison disciplinary proceeding to comport with the requirements of due process the

following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling, and (4) the requirement that upon review, "some evidence" support the ruling. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454; *Wolff, supra*, at 556.

In *Hill,* 472 U.S. 445, 457 (1985), the Supreme Court provided guidance regarding the "some evidence" standard of review for federal courts to apply in their assessment of prison disciplinary decisions involving the loss of good conduct time credits. According to the Court, the requirements of due process are met, and the decision of the prison discipline officer must be upheld, if there is "some evidence" to support the decision. The process to be used by the reviewing court was further described as follows:

> *Ascertaining whether this standard is satisfied does not require* examination of the entire record, independent *assessment of the credibility of witness*, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56 (emphasis supplied).

Once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenges by the petitioner and uphold the finding of the DHO. See *Id.* at 457. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." *Id.* at 456.

Petitioner has provided copies of the BOP's Discipline Hearing Officer Report and Incident Report with respect to the incidents he now contests. These exhibits establish beyond any doubt that petitioner received adequate notice of the alleged violation; that he was afforded

the opportunity to present evidence; and that written findings in support of the ruling were provided. In other words, the exhibits establish that petitioner was afforded all the process he was due under *Wolff, supra*. Further, the exhibits establish that there was some if not ample evidence of guilt sufficient to satisfy the standard enunciated in *Hill*, *supra*.[4]

In short, petitioner has not shown that he was deprived of liberty without due process; therefore, he has failed to state a claim for which relief may be given and dismissal of his petition on that basis is appropriate.

## 2. *Failure to Follow Policy and Procedure*

In addition, petitioner's claim in regard to the disciplinary hearings is that certain procedural steps were not followed.

Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir.1986) (failure of prison officials to follow their own rules does not establish a constitutional violation); *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (failure to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met"), and *Dixon v. Hastings*, 2006 WL 2985893 at *1 (5th Cir. 2006) (unpublished). Moreover, neither of petitioner's petitions demonstrate that he was prejudiced by the alleged failure to follow certain

---

[4] As provided in *Hill*, *supra*, at pp. 455-56, the Court, in assessing whether "some evidence" supports the

procedures. As stated above, petitioner received the due process owed him and his assertions of failure to follow regulations do not state constitutional violations.

### 3. *Prescription*

As previously stated, petitioner waited over ten years to pursue the present challenge to the 1998 and 2000 incidents in question. In this regard, 28 C.F.R. § 542.14 states:

> (a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP–9), is 20 calendar days following the date on which the basis for the Request occurred.
>
> (b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

In regard to administrative remedy appeals, 28 C.F.R. § 542.15 states:

> (a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

Even giving petitioner the benefit of every doubt in regard to his claims, he did not, in any way, demonstrate a valid delay for waiting over ten years to file his current set of

---

disciplinary conviction, is not required to assess the credibility of the witnesses who provided evidence at the DHO

administrative grievances. As stated in the Central Office's August 25, 2010 response to petitioner's ARP appeal, the time to file an administrative remedy challenging the 1998 and 2000 decisions of the DHO has long since expired.

*Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 6th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

hearing.